# Stewart *v*. The State.

*Indictment for Burglary.*

63  199<br>134  70

1. *Admissibility of defendant's declarations, as evidence for him.*—As a general rule, a person charged with crime can not make evidence for himself, by proof of his own declarations ; and when they are admitted as evidence for him, it is as part of the *res gestæ*, or under some other recognized exception to the general rule.

2. *General question, calling for legal and illegal evidence.*—Error can not be predicated of the refusal to allow a question to be answered, unless it affirmatively appears that the answer would be legal evidence : if the question is general in its terms, calling for evidence which may be legal or illegal, it may be disallowed without error.

FROM the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case was indicted, jointly with one James Williams, for breaking into and entering the dwelling-house of Spelman L. Latham, with intent to steal. The defendant, being on trial alone, pleaded not guilty ; and issue was joined on that plea. During his trial, he reserved a bill of exceptions, on which the case is brought to this court, and which is as follows : "The State introduced one Farrior as a witness, who testified, that he lived about seventy yards from the house of said S. L. Latham ; that, on the night the defendant is charged to have broken into said house, his attention was attracted by the *screaking* of the door of said house, and, on looking towards the house, saw the defendant and one Williams come out of it; that they came within about thirty yards of him, and ran off; that he and one Reese Holland pursued them about seventy yards, when the defendant fired off a pistol; that he and said Holland returned, and found some meal, meat, &c., which had been dropped by the parties who fled, and went to said Latham's house, to see what had been stolen ; and that the defendant came up to the house, in about fifteen or twenty minutes after the firing of the pistol. On cross-examination by the defendant, said witness testified, without objection, that the defendant, when he came up, said that he heard a gun fired,

[Stewart v. The State.]

and came to see what was the matter. The defendant introduced evidence tending to show that, at the time said house was broken open, he was at the house of one Joseph Walker. He then introduced said Reese Holland as a witness, who testified, that he was in charge of said Latham's house at the time it was broken open, and was there at the time referred to by said Farrior; that he did not recognize the defendant as one of the persons who had been in the house, and who fled; that he was present when the defendant came up, about fifteen or twenty minutes after the persons who had been in the house had fled, as testified by said Farrior, and heard what the defendant said when he came up. The defendant asked said witness, if he (defendant) said anything when he came up, and what it was that he said when he came up, about his reason for coming there. To these questions the solicitor objected, and the court sustained the objections, and refused to permit the questions to be answered; and the defendant excepted to this action of the court, as to each question."

J. N. ARRINGTON, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—As a general rule, one charged with crime can not make evidence for himself, by proof of his own declarations. There are exceptions to this rule; such, for instance, as words which are themselves a part of an act, and thus tend to explain it. These are admitted as a part of the *res gestœ.* The question in this case, which the witness was not allowed to answer, was very general in its terms. Almost anything the accused may have said, tending to show why he came, or where he was when the pistol was fired and heard by him, or what information he had received which induced him to come, or for what purpose he came, would have been responsive to it. The Circuit Court was not informed what was expected to be proved by this witness; nor can we know whether the answer would have been legal evidence or not. If we were to reverse, and send the case back for another trial, it is not shown that the answer of the witness, when given, would not be illegal evidence. The record fails to show that the Circuit Court excluded legal evidence, and, therefore, it fails to show that error was committed. Error is never presumed, but must be shown.—*Burns v. The State*, 47 Ala. 370.

The judgment of the Circuit Court is affirmed.