# Allen *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny; admissibility of defendant's declarations.*—On the trial of a defendant indicted for larceny, declarations made by him while in possession of the property alleged to have been stolen, explanatory of his possession, are admissible for him as a part of the *res gestæ;* but declarations made by him respecting the source of his title, or the contract under which he claimed to have acquired possession, are inadmissible.

2. *When this court will not reverse on exceptions to admissibility of evidence.*—This court will not reverse on exceptions reserved to the rulings of the primary court sustaining objections to questions propounded to a witness by the appellant, when it does not appear from the questions, that the answers sought to be elicited may not have been immaterial, foreign to the issue, or otherwise illegal, and it is not shown by the record what answers the witness was expected to give.

APPEAL from Hale Circuit Court.

Tried before Hon JOHN MOORE.

The defendant was indicted and tried for the larceny of a heifer, the property of William Lavender, the trial resulting in a conviction. The State, having introduced evidence tending to show that he had lost the heifer, and that the defendant had taken and carried it away, examined as a witness one Syd Allen, the defendant's brother, who testified, in substance, that the defendant brought the heifer to witness' house one afternoon, " in open daylight," and requested witness to keep it for him. On cross-examination this witness testified, that " when the defendant brought the heifer to his house, he, defendant, claimed it as his own property. Witness was here asked, how did he claim it to be his own property ; to which question the solicitor for the State objected, and the court sustained the objection ; and to this ruling the defendant excepted. The witness was then asked, what did the defendant, at that time, say when he claimed the property to be his, or in claiming the property to be his; to which question the solicitor objected, and the court sustained the objection ; and to this ruling the defendant excepted. The witness was then asked, in claiming the property as his, what did he say about having paid Mr. Lavender for it; to which question the solicitor objected, and the court. sustained the objection ; and to this ruling the defendant excepted." The foregoing were the only exceptions reserved on the trial.

[Hochstadler v. The State.]

Thos. R. Roulhac, for appellant.

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—There are two reasons why we feel compelled to affirm the judgment in this cause. We are not informed what would have been the answer of the witness to the questions which the court disallowed. For aught that we can know, the answer may have been immaterial, foreign to the issue, or otherwise illegal. It is not every thing a party may say under the circumstances, which he can have given in evidence in his own favor. It is only declarations explanatory of possession, that are admissible on the principle of *res gestæ*.—1 Brick. Dig. 843, § 558. Those made respecting the source of title, or the contract under which he claims to have acquired possession, are inadmissible.—*Ib.* § 560; *Spivey v. The State*, 26 Ala. 90. To put the court in error, the record should inform us what answer the witness was expected to give. As the question arose on cross-examination, the interrogatory itself might have disclosed the answer expected. And when the question arises on direct examination, counsel can inform the court what he proposes to prove. The court can thus rule advisedly on a real question. Otherwise we can not know the court excluded legal evidence.—*Stewart v. The State*, 63 Ala. 199; *Burns v. The State*, 49 Ala. 370.

Affirmed.