[Ross v. The State.]

# Ross v. The State.

*Prosecution for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; sufficiency of complaint.*—A complaint which charges that the affiant "has probable cause for believing and does believe that the offense of carrying a pistol concealed about his person has been committed by" the defendant "within the last twelve months, against the peace and dignity of the State of Alabama," sufficiently charges the commission of carrying a concealed weapon, as prohibited by the statute.

2. *Motion to quash complaint; when not presented for review.* Where a motion to quash a complaint or affidavit on which the defendant was tried, is not set out in the transcript, the rulings of the trial court upon said motion are not presented for review and will not be considered on appeal.

3. *Objection to question and answer.*—When an objection is made and sustained to a question propounded to a witness, but the record does not show what answer was expected, nor that the witness had any knowledge or information on the subject, this court cannot consider the correctness of the ruling.

4. *Prosecution for carrying concealed pistol; admissibility of evidence.*—In a prosecution for carrying a pistol concealed about his person, what the prosecutor said at the time he testified that the defendant had a pistol concealed about his person, and what the prosecutor did and what he said about killing the defendant, is entirely irrelevant to the issue involved and not admissible in evidence.

5. *Evidence; cross-examination as to character.*—In the trial of a criminal case, where the defendant has put his character for peace and quiet in issue, it is permissible for the State on cross-examination of one of the character witnesses, to ask him if he and the defendant, on the day the offense charged is alleged to have been committed, did not go to a distillery and get a bottle of whiskey, and if they did not then go to a church in the neighborhood with a pistol in the buggy.

6. *Evidence; examination as to character; proper question.* Where a defendant in a prosecution commenced by complaint or affidavit, is examined as a witness for the purpose of showing the bad character of the prosecutor who had testified in

the case, it is permissible to ask such witness to state whether he knew the general character of the prosecutor in the neighborhood where he lived; such question being the regular and proper mode of examining into the character of the witness sought to be impeached.

7. *Same; same.*—In such a case, it is improper to ask the defendant who was examined as a witness, to state whether or not he knew the general character of the prosecutor in the neighborhood where he lived, as a turbulent, violent and boisterous man.

8. *Evidence; witness can not be impeached by proof of an indictment having been preferred against him.*—It is not competent for the purpose of impeaching a witness, to introduce in evidence an indictment preferred against him at a previous term of the court, which was still pending.

9. *Charge of court to jury; when properly refused.*—A charge requested by the defendant in a criminal case, which gives undue prominence to certan parts of the testimony in his behalf, is properly refused.

APPEAL from the County Court of Cullman.

Tried before the Hon. S. L. FULLER.

The appellant in this case, Yance Ross, was tried and convicted in a prosecution, which was commenced by a complaint made by one T. H. Hooton, before the judge of the county court of Cullman county, which complaint was in words and figures as follows: "Before me, S. L. Fuller, judge of the county court of said county, person ally appeared T. H. Hooton who being duly sworn, doth depose and say that he has probable cause for believing. and doth believe, that the offense of carrying a pistol concealed about·his person has been committed in said county by Yance Ross, within the last twelve months, against the peace and dignity of the State of Alabama."

To this complaint, the defendant demurred upon the following grounds: "1st. Because the complaint does not state that the defendant carried concealed about his person a pistol. 2d. Because the complaint states the conclusion of the pleader and not the facts constituting the offense. 3d. Because the complaint is vague, indefinite and uncertain." This demurrer was overruled, and the defendant duly excepted.

10

[Ross v. The State.]

The facts of the case relating to the rulings of the court upon the evidence, reviewed on the present appeal, are sufficiently shown in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they believe the evidence in this case, they must find the defendant not guilty." (2.) "The court charges the jury that they may justify or excuse the defendant from carrying a pistol, although it may have been concealed about the person, if they believe from the evidence that he had good reason to apprehend an attack." (3.) "The court charges the jury that the fact, if it be a fact, that the defendant had a pistol in a buggy and went to the house of the owner of a still on business and went by a church house and did not disturb any one on the route, is no evidence of bad character."

No counsel marked as appearing for defendant.

MASSEY WILSON, Attorney-General, for the State. The demurrer to the complaint interposed by defendant was properly overruled.—*Sullivan v. State,* 68 Ala. 525; Code, § 4600.

In the bill of exceptions reference is made to a motion to quash the complaint, but the motion nowhere appears in the record. No question, therefore, is presented for review.—*Wiggins v. Witherington,* 96 Ala. 535.

The court did not err in its rulings upon the evidence. *Tolbert v. State,* 87 Ala. 27; *Campbell v. State,* 23 Ala. 44; *Holmes v. State,* 88 Ala. 26.

The second charge was abstract.—*Roach v. State,* 94 Ala. 113; *Davenport v. State,* 85 Ala. 336.

The third charge asked by the defendant was properly refused, as being invasive of the province of the jury, and also as giving undue prominence to certain portions of the evidence.—*Lodge v. State,* 122 Ala. 107; *Crane v. State,* 111 Ala. 45, 50.

[Ross v. The State.]

HARALSON, J.—The affidavit for the arrest of the defendant, charging him with the commission of the offense therein named, seems to have followed the requirements of the Code, (§ 4600), and was not subject to the demurrer interposed to it.

2.   In the bill of exceptions reference is made to a motion to quash the affidavit on which defendant was tried, but no motion to this effect is set out in the transcript, and no question, therefore, as to the ruling of the court on the motion is presented for review.—*Wiggins v. Witherington*, 96 Ala. 535.

3.   The prosecutor had testified to facts tending to show the guilt of the defendant.   The defendant introduced Ed Bright, who testified to the general character of the defendant, as a peaceable and law abiding citizen, and that it was good.   The witness was asked by counsel for defendant, "to go on and state what was said and done by Hooton [the prosecutor] and the defendant at the time," (the witness saw the defendant with a pistol concealed about his person).   On objection of the solicitor, the court refused to allow the witness to answer: The record does not show what answer from the witness was expected, so that this court can pass intelligently on the ruling and we cannot, therefore, consider it.—*Tolbert v. State*, 87 Ala. 27.   Furthermore, the question was very general, so much so, that irrelevant evidence would have been responsive to it.

The other questions asked this witness by defendant,— "to state what Hooton said at that time," and "whether or not Hooton went and got a gun and came back with it, and what he said about killing defendant?"—call for evidence entirely irrelevant to the issue, as to whether defendant was carrying a pistol concealed about his person.

4.   On the cross examination of this witness, the solicitor asked him:   "If they, [defendant and the witness] had not been to a still house that day, and whether or not they did not have a bottle of whiskey with them, and whether they did not go to church in the neighborhood with the pistol in the buggy?"   Objection was interposed by defendant, that the question called for illegal, irrele-

vant and immaterial evidence, which objection was overruled by the court. In this there was no error. The question was within the latitude of a cross-examination. *Carson v. State,* 128 Ala. 58.

5. The defendant being examined as a witness for the purpose of laying a predicate to show the bad character of the witness Hooton,—the prosecutor,—was asked by his counsel "To state whether he knew the general character of the witness, Henry Hooton, in the neighborhood where he lived?" The State made a general objection to the question, and the court sustained it. This question was according to the regular and proper mode of examining into the character of the witness sought to be impeached, and the court erred in refusing to allow it.—*Holland v. Barnes,* 53 Ala. 86; *Byers v. State,* 105 Ala. 39; 1 Greenleaf on Evidence, 461.

The defendant as a witness, was further asked by his counsel, "To state whether he knew the general character of the witness, Henry Hooton, in the neighborhood where he lived, as a turbulent, violent, boisterous man?" The court sustained an objection to this question and in this there was no error. It was improper for the purpose for which asked.—Authorities *supra.*

6. The solicitor asked the defendant on the cross, if he carried the pistol concealed at a different time from that when the prosecutor swore he saw him with it concealed on his person. The defendant objected, because the evidence called for was illegal and irrelevant, and this objection was overruled. The witness answered, that he had not carried it concealed at the time inquired about, or during that day. If there was error in allowing the question answered, it was error without injury.

7. The defendant, in order to impeach the witness, Hooton, proposed to introduce in evidence an indictment found by the grand jury against him at the spring term of the court, 1902, for an assault with intent to murder, an objection to which by the State was sustained. It was entirely irrelevant and immaterial for the purpose it was offered.—*Campbell v. State,* 23 Ala. 81; 29 Am. & Eng. Ency. Law, (1st ed.) 811.

8.   The first charge requested by the defendant,—the general charge,—was properly refused, there being evidence tending to show defendant's guilt. The second was abstract.   There was no evidence in the record from which the jury could infer that the defendant had good reason to apprehend an attack.   Charge No. 3 was not improperly refused.   If admitted that it asserts a correct proposition of law, it gives undue prominence to certain parts of the defendant's testimony.—*Lodge v. State,* 122 Ala. 107.

Reversed and remanded.