# Sibley &. Sibley *v.* Smith.

## *Trespass and Trover.*

(Decided Feb. 10, 1910. Rehearing denied Feb. 26, 1910.
52 South. 27.)

1. *Stipulations; Agreement of Counsel; Use in Subsequent Cause.* An agreement made by counsel in a cause that a successor to a justice of the peace would testify if present that the docket kept by a former justice was the docket of such former justice, etc., made for the purpose of excusing the successor from attending court in that cause, cannot be used in a subsequent cause between the parties to prove the authenticity of the docket of the former justice.

2 *Evidence; Hearsay.*—The secondary statement of what the successor to the justice of the peace said about the authenticity of the docket of his predecessor is not admissible as proof that a docket was that of his predecessor.

3. *Same; Best and Secondary; Predicate.*—In the absence of a showing that certain papers were lost, or that search had been made through the papers of a justice of the peace, papers left with such justice of the peace in the trial of a cause cannot be proved by secondary evidence in a subsequent suit, such justice of the peace having died in the meantime.

4. *Trial; Reception of Evidence.*—Where the question on its face did not indicate the relevancy, materiality or pertinency of the matter inquired about, and no information was given the court as to the purpose of the question, it was not error to disallow it.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Mrs. M. A. Smith against Sibley & Sibley, for trespass debonis asportatis and trover. Judgment for plaintiff and defendants appeal. Affirmed.

J. H. PERDUE, for appellant.—The court erred in declining to allow the docket to be admitted upon the agreement of counsel made.—*Jones v. Davis,* 2 Ala. 731. The docket was the best evidence of the former adjudication.—*Ware v. Robertson,* 18 Ala. 105; *Thompson v. The State,* 14 South. 878. In a civil case the docket is sufficient and properly identified.—*Burns v. Camp-*

*bell,* 71 Ala. 271; *Lunsford v. Dietreich,* 5 South. 461. Under the circumstances surrounding this case, the rule of strict search is relaxed and a sufficient predicate was laid for the introduction of secondary evidence of the original papers.—*Lasseter v. Blackwell,* 30 South. 663; *Stewart v. Mitchum,* 33 South. 670; *Donegan v. Wade,* 70 Ala. 501. The successor to a justice of the peace is the proper custodian of the dockets and papers of the former, and loss may be proved inferentially.—*Watson v. The State,* 63 Ala. 19.

W. K. Terry, for appellee.—Counsel discuss the pleading, but without citation of authority. The court did not err relative to the docket or the admission of the papers.—2 A. & E. Ency of Law, 949; 23 Cyc. 1533; *Blackmon v. Dowdell,* 57 Ala. 78. Counsel discusses other assignments of error, but without citation of authority.

McCLELLAN, J.—The complaint charges, respectively, trespass de bonis asportatis and trover. The counts, as last amended, were good, and the amendment of the pleas cast no additional burden of proof upon defendant. The defenses was that the goods described in the complaint, and none other, were taken under and by virtue of a writ of possession issuing in consequence of a judgment for appellants, rendered by a justice of the peace, in an action between these parties. The court gave the general affirmative charge requested by plaintiff (appellee). The plaintiff's case, prima facie, was made out. As appears from the evidence of value of the goods taken, no exemplary damages were awarded in the city court. The evidence was plenary that Allen acted for and as the agent of appellants in taking the goods. Unless the defense indicated

was sustained by the production of admissible evidence, the affirmative charge was due plaintiff.

The judgment relied on was said to have been rendered by Weaver, a justice of the peace. He had died before the trial. In order to identify the docket as that of Weaver an agreement, between former counsel for appellee and counsel for appellant, reciting that Judge Lacy, Weaver's successor, would testify to a state of facts showing his succession to the possession of Weaver's docket, etc., was entered into. The book was then offered and was denied admission in evidence. The agreement, as readily appears, was with the view to excusing further attendance of the witness Lacy, on that previous trial, whereat the pleadings were dealt with, and·evidence was not taken, though the witness was in attendance. It does not purport to be an agreement to obviate Lacy's attendance throughout the litigation. Its only office was to release Lacy on that occasion, and it was not, obviously, an agreed statement of facts, as was the case in *Prestwood v. Watson,* 111 Ala. 604, 20 South. 600, cited for appellants. The docket was properly excluded, not being identified as that of Weaver. The evidence of the witness Perdue, as to his reception of the book from Lacy, was proper as far as it went; but clearly the secondary statement of what Lacy said about the docket's being Weaver's did not identify the docket as that of Weaver.

Sundry evidence, offered by defendants, of papers left with Weaver at the time of the trial of the detinue suit, was well disallowed. There was no evidence tending to show search among Weaver's papers or effects for the papers alleged to have been lost. Indeed, the testimony was that the widow of Weaver only deferred that search. She was not brought as a witness, nor was there any other or further effort by defendants shown

looking to the discovery, among Weaver's effects, of the papers sought to be secondarily proven.

The question propounded to A. C. Smith on cross-examination was not erroneously disallowed. No information was given the court as to the purpose of the question. No mention of "consignment papers" had been before made in the examination or testimony of the witnesses. No suggestion was made that such papers were lost, nor that a predicate for the introduction of secondary evidence of their contents was desired to be laid. The question, on its face, did not indicate the relevency, materiality, or pertinency of the matter inquired about. The court cannot be put in error for disallowing such a question.—*Phoenix Ins. Co. v. Moog,* 78 Ala. 284, 56 Am. Rep. 31; *Ross v. State,* 139 Ala. 144, 36 South. 718.

With the alleged docket of Weaver not in evidence and secondary evidence of the consignment papers inadmissible, the defense necessarily failed, in material particulars, of support in the evidence. So failing, the prima facie case made by the plaintiff was unrebutted.

There is no prejudicial error in the record. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.