# McNaron v. The State.

## Carrying Concealed Pistol.

(Decided April 8, 1913.   Rehearing denied May 8, 1913.
62 South. 302.)

1. *Carrying Concealed Weapons; Evidence.*—Where one was charged with carrying a concealed pistol, it was incompetent to show a conversation between defendant and a state's witness, in which it was alleged that the defendant used very offensive language, although it was the occasion on which it was charged that the pistol was carried, since such a matter was irrelevant to the charge and tended to mislead the jury to convict of one offense on proof of another.

2. *Evidence; Hearsay.*—The fact that a witness heard a third person or his boy say something about defendant having a pistol, was hearsay, where it did not appear that the statement was in the presence or hearing of defendant, or under circumstances affording ground for presumption that defendant acquiesced therein.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Cooper McNaron was convicted of carrying a concealed pistol and he appeals.   Reversed and remanded.

STREET, ISBELL & BRADFORD, for appellant.   The court erred in permitting it to be shown that certain offensive language was used by the defendant on the occasion when it is alleged he had a pistol concealed.—139 Ala. 144.   As to what the witness heard Wakefield or his son say about McNaron having a pistol on the occasion, was hearsay, as it was not shown to have been made in the presence of accused, or under such circumstances as raised a presumption of acquiescence.—*Spencer v. The State*, 20 Ala. 27; *Abercrombie v. Allen*, 29 Ala. 281; *Weaver v. The State*, 77 Ala. 28; *Williams v. The State*, 81 Ala. 10.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and JOHN A. LUSK & SON, for appellee. The statement as to the words used by defendant in connection with the other evidence was a part of the res gestae of the transaction, and was admissible as such.—*Jordan v. The State,* 81 Ala. 20; *Marbury v. The State,* 107 Ala. 64; *Churchwell v. The State,* 117 Ala. 126. In any event, the objection to the statement was not made until after the witness had answered the question.—*Billingsley v. The State,* 96 Ala. 126; *Downey v. The State,* 115 Ala. 108; *Stowers F. Co. v. Brake,* 158 Ala. 639. A fair interpretation of the testimony would lead to the conclusion that the statement was made in the presence of defendant, and hence was admissible.—*Simmons v. The State,* 61 South. 466; *Simmons v. The State,* 144 Ala. 61; *Wesley v. The State,* 52 Ala. 182.

WALKER, P. J.—The charge against the defendant was sought to be supported by evidence of his possession of a pistol on the occasion of an altercation between him and one Wakefield. The defendant duly excepted to the action of the court in overruling objections made by him to a question of the solicitor to Wakefield which called for the words that passed between him and the defendant on the occasion referred to, and to the answer of the witness to that question, in which was repeated very offensive language stated by the witness to have been used by the defendant. The evidence called for and elicited by the question had no relevancy whatever to the issue as to whether the defendant carried a pistol concealed about his person or on premises not his own or under his control. This testimony as to the defendant's misbehavior not only furnished no support to the charge made against him,

but was well calculated to create an impression unfavorable to him, and to mislead the jury to convict of one offense on evidence of other misconduct. The court was in error in admitting it.—*Ross v. State,* 139 Ala. 144, 36 Suoth. 718.

The statement of the witness Russell as to his hearing "Wakefield or his boy one saying something about the defendant having a pistol" was subject to objection as mere hearsay, there being nothing in the testimony to indicate that the statement deposed to was made in the presence or hearing of the defendant or under such circumstances as to afford ground for a presumption that he acquiesced in it.—*Abercrombie v. Allen,* 29 Ala. 281; *Spencer v. State,* 20 Ala. 24; Jones on Evidence, § 289.

Reversed and remanded.

