(114 So. 288)
## SOUTHERN. RY. CO. v. LAXSON.
### (8 Div. 503.)

Court of Appeals of Alabama. Oct. 26, 1926.

Rehearing Denied Dec. 14, 1926. Affirmed on Mandate June 30, 1927. Rehearing Denied Aug. 2, 1927.

S. A. Lynne, of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

RICE, J. This was a suit by appellee against appellant to recover damages for personal injuries suffered by her while a passenger on one of appellant's trains.

At the written request of the appellee the court gave the following instruction to the jury:

(1) "The court charges the jury that the defendant railway company owed Mrs. Laxson the obligation to exercise the highest degree of care and caution to prevent injury to her as a passenger, and if it failed to do so, and if such failure proximately caused her to be injured in the manner stated in the complaint, the verdict must be for plaintiff."

■ Appellant inveighs heavily against the giving of this charge on the ground that it exacts too high a degree of care on its part in the transporting of passengers. If the charge stood alone we would be inclined to hold with the appellant, but, measuring it by the rules laid down in the case of Birmingham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, a case strongly relied upon by appellant, it seems to us that it was given in this case without error. And we so hold. The trial court, in its oral charge, expressly qualified the term "highest degree of care" in accordance with the principles announced in the Barrett Case, supra, and at the conclusion of the oral charge, and before beginning to read the given written charges, the court stated to the jury that none of said written charges should be taken as contradicting the oral charge.

■ Written charge 2 given at appellee's request is criticized for its failure to include the requirement that the plaintiff must make the attempt to alight at a proper time and place. However, all the evidence in this case shows that plaintiff (appellee) was, at the time she was injured, attempting to alight at the proper time and the proper place. So we find no error in the giving of this charge.

■ Written charge 4, given at appellee's request, is not subject to the criticism offered, and was given without error.

■■ Written charge 5, given at appellee's request, does not, we think, state the law correctly. The charge, confusingly worded, conveys to the mind the idea or impression that the fact that appellee had a hand satchel, a baby, and a bundle, and that there were other passengers with baggage crowding behind her at or about the time she was trying to leave the train, if seen and known by the trainmen, imposed upon them the duty of assisting her to alight. This, as we understand the decisions of our Supreme Court, is not the law. As was said by this court (in an opinion, though. prepared by Mr. Justice Somerville of the Supreme Court) in the case of Central of Ga. Ry. Co. v. Carlisle, 2 Ala. App. 514, 56 So. 737:

"By the weight of authority, * * * it is held to be the duty of the carrier to assist a passenger in alighting if, obviously to its agents in charge, such passenger is then too sick or infirm or disabled to safely alight without aid. * * * But it is not the carrier's duty to anticipate such disabilities or needs, nor to be on the lookout for them."

In this case there was nothing to put appellee in the class of the aged, the very young, infirm, or helpless passengers, to whom railroad companies are under obligation to furnish aid in getting on or alighting from their trains. It was the duty of those in charge of the train to announce the station, to stop the train, and hold it such length of time as gave the passengers a reasonable opportunity to alight in safety. There is no intimation that appellant failed of its duty in these respects. The giving of charge 5 constituted reversible error. L. & N. R. Co. v. King, 198 Ala. 168, 73 So. 456; B. R., L. & P. Co. v. Barrett, supra; Central of Ga. Ry. Co. v. Carlisle, supra.

■ Written charges 1, 2, 3, 4, 5, 6, and 7, refused to appellant, were misleading in not providing for the exceptions to the prevailing rule therein stated, and properly refused. Central of Ga. Ry. Co. v. Carlisle, supra.

■■ Written charges 8 and 9, refused to appellant, were incorrect in their statement of the law, and hence properly refused. There was no error in refusing to give the general affirmative charges in favor of appellant as to either counts 1 or 2, or to the complaint as a whole.

As best we could we have ferreted out and written to the points argued and insisted upon in appellant's brief, which was prepared without regard to the rules.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM. Affirmed, on authority of Southern Ry. Co. v. Laxson, 217 Ala. 1, 114 So. 290.