(123 So. 92)

## CONTINENTAL LIFE INS. CO. v. NEWMAN.
### (6 Div. 295.)

Court of Appeals of Alabama.   Dec. 18, 1928.

Rehearing Denied Jan. 8, 1929.   Reversed on Mandate.   June 18, 1929.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Wilder & Holliman, of Birmingham, for appellee.

BRICKEN, P. J. The appellant, hereinafter called defendant, issued an insurance policy to appellee, plaintiff below.

The plaintiff was a railway postal clerk, during the month of October, 1925, and was then in the employ of the United States government, and was injured in a railroad wreck of a St. Louis & San Francisco Railway train in the state of Mississippi. At the time of the wreck, he was riding in the mail car, and was on duty as a postal clerk at the time, but, having finished the business at hand, he had gone to sleep in the mail car.

His policy of insurance insured him for a term of twelve months from the date of said policy, against death or disability resulting directly, independently, and exclusively of all other causes from bodily injuries effected solely through external, violent, and accidental means, and sustained by the insured in the manner following: By the wrecking or disablement of any railroad passenger car or passenger steamship or steamboat or licensed ferryboat, interurban or street railway car, elevated railway car, or subway car in or on which the insured is traveling as a fare-paying passenger, and such injuries so sustained shall result in any of the specific losses set forth in this part I, provided such loss shall result within 30 days from the date of accident. The company will pay the sum set opposite such loss as follows: The plaintiff brought suit against the insurance company on said policy for the sum of $150. The facts in the case are not disputed. The sole question in the case is whether or not a postal clerk riding in a mail car can receive compensation under an insurance policy which provides that the loss or injury must be sustained while the insured is riding on a regular passenger train and in a passenger car with full fare paid for his transportation.

The first inquiry is, What is the relationship between a person riding in a railroad passenger car in or on which such person is traveling as a fare-paying passenger, and the railway transporting him in such car for said paid fare? The answer is, that the relationship between such person and the carrier is that of carrier and passenger. Such relationship demands of the carrier the highest degree of care required by the law in any case where human safety is at stake, and the highest degree of care and prudence known to the usage and practice of very careful, skillful, and diligent persons engaged in the business of carrying passengers by similar means and agencies. Birmingham Ry. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262.

We are of the opinion that the provisions in the policy, above referred to, mean, in short, that the relationship of carrier and passenger shall exist between the insured and the railway upon which he is riding, at the time he suffers injury.

The next question is, What relationship exists between a United States mail postal clerk, while engaged in his duty, in a mail or postal car, and the carrier transporting him and said car. The Supreme Court of this state has decided this question, and it has said that the relationship is that of carrier and passenger, and that it is not questioned that the carrier owes to the postal clerk the same degree of care as was due its passengers. L. & N. R. R. Co. v. Bowen, 212 Ala. 690, 103 So. 872; Southern Ry. Co. v. Harrington, 166 Ala. 630, 52 So. 57, 139 Am. St. Rep. 59; 6 Cyc. 542.

As we understand appellant's brief, it is admitted that the above rule is the established doctrine in Alabama, and he cites in support thereof the following authorities in addition to the above: Gleeson v. Virginia Midland Ry. Co., 140 U. S. 435, 11 S. Ct. 859, 35 L. Ed. 458; B. & O. & S. W. R. R. Co. v. Voight, 176 U. S. 498, 20 S. Ct. 385, 44 L. Ed. 560; Southern Pacific Co. v. Cavin (C. C. A.) 144 F. 348; Arrowsmith v. Nashville & D. R. Co. (C. C.) 57 F. 165; Farley v. Cincinnati H. & D. R. Co. (C. C. A.) 108 F. 14.

The above and foregoing being the views of

the court, it necessarily follows that the judgment of the lower court must be affirmed.

Affirmed.

PER CURIAM. Reversed and remanded, on authority of Continental Life Ins. Co. v. Newman, 219 Ala. 311, 123 So. 93.