# Supreme Lodge Knights and Ladies of Honor *v.* Baker.

## *Action on Insurance Policy.*

(Decided Dec. 16, 1909. 50 South. 958.)

1. *Trial; Reception of Evidence.*—Where the action was on a life policy, and the defenses were false statements of insured as to his occupation, and as to his use of stimulants, a question to a witness, if he knew whether F. shot at another person at the time, was subject to the objection of calling for immaterial and irrelevant evidence, since it was not clear that the answer was relevant to any issue presented and the party calling for it failed to state what answer he expected to elicit.

2. *Same.*—Where the action was on an insurance policy, receipts of proof of death purporting to have been signed by defendant's secretary, were properly admitted in evidence, although not shown to be genuine, as the only objection interposed was that they were immaterial and irrelevant.

3. *Evidence; Hearsay.*—A question, did you ever hear of his being a railroad clerk, called for hearsay evidence, and was objectionable.

4. *Same; Similar Facts.*—It is not permissible to prove one vice or moral dereliction as a circumstance tending to show the existence of another not necessarily or vitally connected with it in cause or effect.

5. *Appeal and Error; Harmless Error; Evidence.*—Where questions were answered in full and the answers were not ruled out, any error in sustaining objections to the questions was harmless.

6. *Witnesses; Examination; Irresponsive Answers.*—Where the question was whether or not witness knew that a certain person was a professional gambler, an answer that he knew he was not a straight hand to gamble, was irresponsive.

7. *Same; Leading Questions.*—Objections sustained to a question which was leading, upon the ground that it is leading, is not reversible error.

8. *Insurance; Benefit Insurance; Evidence.*—Where the action was on a benefit certificate of insurance, and the defense was a misstatement by insured as to his occupation and use of stimulants, and the witness having testified that he could not recall whether the insured quit the railroad or was discharged, and added, my best recollection is that his services were unsatisfactory, this latter statement was properly excluded, as having no bearing.

[Supreme Lodge Knights and Ladies of Honor v. Baker.]

9. *Same; Evidence; False Warranties.*—Where the action was on a benefit certificate of insurance and one of the defenses was that the insured falsely answered questions relative to his use of stimulants, it was proper to ask the witness who examined him for his insurance, whether there was any indication of insured's habitual use of alcoholic or other stimulants.

10. *Same.*—Where the action was on a benefit certificate of insurance, and one of the defenses was that he was a gambler and loafer although giving his occupation as that of railroad clerk, whether or not insured gambled crooked or straight, was irrelevant to any issue.

11. *Same; Occupation of Insured.*—Where the action was upon a benefit certificate of insurance, and the defense was a misstatement by the applicant as to his occupation, the word, occupation, was correctly defined as that which practically takes up one's time and energy, especially one's regular business or employment; that the word does not necessarily mean the present occupation, but that which principally takes up one's time, thought and energy; as an illustration, one might have a regular occupation, such as that of a painter, and be out of employment, and might temporarily engage in other business, and yet properly gave his occupation as that of painter.

12. *Same.*—Within the warranty contained in the application for beneficial insurance as to one's occupation, one who has had and followed an occupation continues to have it until it is abandoned, either by quitting such work without intention or ability to re-enter it, or by engaging in some other business not of a mere, temporary character.

13. *Same; Instructions; Conformity to Plea.*—Where the action was on a benefit certificate of insurance and the pleas averred that the benefit certificate sued on was issued on the condition that the statements in the application were to be treated as warranties, and that the insured answered, "no" to the question, do you use alcoholic or other stimulants, and that this answer was untrue, in that he did at the date of making the answer, and previously thereto, and at the issuance of the policy, use alcoholic or other stimulants habitually, and in the ordinary course of his life, a charge asserting that in order to find a verdict for defendant on the ground that insured used alcoholic or other stimulants, the jury must believe that when he made his application, it was his habit to use alcoholic or other stimulants, since the charge substantially followed the plea; likewise, it was proper to refuse a charge asserting that if the jury believed insured at or about the time of the application, used alcoholic or other stimulants, they should find for the defendant, since such charge was not as broad as the pleas.

14. *Same; Occupation of Insured.*—A charge asserting that the jury should find for the defendant if they believed insured was not on or about the date of his application engaged in the occupation of clerking in a railroad office, was misleading, if not an actual misstatement of the law, it being open to the construction that the warranty was breached, unless he was actually at work as clerk in a railroad office at the time of the application.

15. *Charge of Court; Directing Verdict.*—Where plaintiff makes out a prima facie case, and the evidence is in conflict as to the issues raised by the special pleas, a verdict cannot be properly directed for the defendant.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action on an insurance policy by Mims R. Baker against the Supreme Lodge Knights and Ladies of Honor. Judgment for plaintiff, and defendant appeals. Affirmed.

There was the following entry in response to the summons: "I enter this my appearance for the defendant, and reserve the right to plead specially to the complaint filed against it in this cause. B. B. Boone, Attorney for Defendant."

The following special pleas appear: (1) "And for further special plea in this behalf defendant avers that said policy of insurance or relief fund certificate on the life of Alexander Price Baker, in which plaintiff was named as beneficiary thereunder, and which is the foundation of this suit, was issued upon the following express and written conditions, viz.: 'That the statements made by said Alexander Price Baker in the contract, known as application for membership in relief fund, and the answers to questions in said Alexander Price Baker's statement to the medical examiner, known as the medical examiner's certificate, were to be treated as warranties.' And defendant says that to the question in said medical examiner's certificate propounded to said Alexander Price Baker, viz., 'Do you use alcoholic or other stimulants?' said Alexander Price Baker answered, 'No,' which answer defendant avers is untrue in this: That said Alexander Price Baker did at the date of making said answer, to wit, August 25, 1905, and previous thereto, and at the date of said issuance of the said policy or relief fund certifi-

cate, use alcoholic or other stimulants habitually, and in the ordinary course of his life. Wherefore defend·ant says that it is not liable." (2) "And for further special plea in this behalf defendant avers by the terms of said policy of insurance or relief fund certificate on the life of said Alexander Price Baker, in which plaintiff was named as beneficiary thereunder, and which is the foundation of this suit, said Alexander. Price Baker expressly warranted the truth of his answers to all questions propounded to him by the medical examiner, and expressly agreed that if the answers to such questions were not true that said policy of insurance or relief fund certificate, if issued, would be null and void; and defendant says that to the question propounded said Alexander Price Baker by the medical examiner, V. P. Gaines, viz., 'Do you use alcoholic or other stimulants?' that said Alexander Price Baker answered, 'No,' which said answer defendant avers was untrue, and untrue in this: That the said Alexander Price Baker did on or about date of making said answer, to wit, August 23, 1905, habitually and in ordinary course of his daily life use alcoholic or other stimulants. Wherefore defendant says that said policy of insurance is null and void, and that it is not liable to plaintiff." (3) "And for further special plea in this behalf defendant avers that said policy of insurance or relief fund certificate on the life of Alexander Price Baker, in which plaintiff was named as beneficiary thereunder (same as plea 1 down to and including the words 'treated as warranties,' where they occur therein, and adds the following:) And defendant says that to the question in said medical examiner's certificate propounded to said Alexander Price Baker, viz., 'What is your occupation?' said Alexander Price Baker answered, 'Clerk in railroad office,' which said answer de-

fendant avers is untrue in this: That the usual and ordinary occupation of the said Alexander Price Baker at or about the date of making said answer, to wit, August 23, 1905, and the date of the issuance of said policy or relief fund certificate, was not that of clerk in a railroad office, but that of a gambler and loafer. Wherefore defendant says it is not liable." (4) Same as plea 2, down to and including the words "null and void," where they first occur therein, with this addition: "And defendant says that to the question propounded to said Alexander Baker by the medical examiner, V. P. Gaines, viz., 'What is your occupation?' that said Alexander Price Baker answered, "Clerk in a railroad office,' which said answer defendant avers was untrue in this: That the usual and ordinary occupation of the said Alexander Price Baker at or about the date of making said answer, to wit, August 23, 1905, was not that of a clerk in a railroad office. Wherefore defendant says that said policy of insurance was null and void, and it is not liable." (5) This plea is that Baker expressly warranted the truth and correctness of his answers to questions propounded by the medical examiner, and it is averred that his answer of "No" to the question propounded to him by the medical examiner, "Do you use alcoholic or other stimulants?" which was embraced in said applicant's statement to the medical examiner, "was untrue and incorrect in this: That said Alexander Price Baker did habitually and in the ordinary course of his daily life use alcoholic or other stimulants at the date he made such answer and statement, to wit, August 23, 1905, and at the date said policy of said insurance was issued. Wherefore defendant says it is not liable."

In his oral charge to the jury the court said: "Now, an occupation, in a legal contemplation, means that which practically takes up one's time and energies, es-

pecially one's regular business or employment. The word 'occupation' does not necessarily mean the present occupation, but it means that which principally takes up one's time, thought, and energy, especially one's regular business or employment. For illustration: A man might have a regular occupation, such as that of a painter, and be out of employment, and might temporarily engage in other business, yet, if he was questioned as to what was his occupation, he would give it in as a painter, that being his general occupation, whereas at that moment he might be engaged in other business as a general occupation."

The following charge was given at the request of the plaintiff: (1) "The court charges the jury that, in order to find a verdict for the defendant on the ground that he used alcoholic or other stimulants, you must believe that at the time of making his application for membership in the defendant's order it was the habit of Baker to use alcoholic or other stimulants."

The following charges were refused to the defendant: (1) General affirmative charge. (2) "The court charges the jury that if they believe from the evidence that Alexander Price Baker, on or about August 23, 1905, used alcoholic or other stimulants, you ought to find a verdict for the defendant." (3) "The court charges the jury that if they believe from the evidence that Alexander Price Baker, on or about August 23, 1905, was not engaged in the occupation of clerking in a railroad office, they ought to find a verdict for the defendant."

BESTOR, BESTOR & YOUNG, for appellant.—In the benefit life insurance certificate, the distinction is clearly made between previous and present occupation and the answers being untrue as to the present occupation,

amounted to a breach of warranty.—May on Insur-
ance, sec. 306. As to definition of occupation, see the
following cases.—*Hartman v. Keystone I. Co.*, 21 Pa.
St. 466; *U. B. M. A. S. v. White*, 100 Pa. St. 12; *Wright
v. Vt. L. I. Co.*, 164 Mass. 305; *Mutual L. I. Co.
v. Daley*, 65 Ind. 6; *Reichard v. Manhattan L. I. Co.*,
31 Mo. 518. The court erred in sustaining objection
to questions seeking to show the vices of the insured.—
*Mutual Aid Soc. v. O'Hara N. L. I. Co.*, 120 Pa. St. 256.
The court erred in admitting receipts in evidence.—
4 Cooley, p. 3440; *F. I. Co. v. Felrath*, 77 Ala. 194.
It was error to permit proof that at the time he was
examined for his insurance, insured gave evidence of
the use of alcoholic or other stimulants.—*Malicki v.
Chicago Soc.*, 123 Mich. 148; *U. C. L. I. Co. v. Lee*, 47
S. W. 614.

McINTOSH & RICH, for appellee.—The court proper-
ly and fairly defined the meaning of the term, occupa-
tion, as used in the benefit certificate.—25 Cyc. 99; 19
A. & E. Ency. of Law, 68; *Standard A. L. & I. Co. v.
Fraser*, 76 Fed. 709. The answer to the question, do
you use malt or spirituous beverages, alcoholic or oth-
er stimulants, had reference to a customary and habit-
ual use, and not to a single or occasional act or use.—
*Chambers v. N. W. I. Co.*, 58 Am. St. Rep. 553; 19
A. & E. Ency. of Law, 67; 25 Cyc. 809; *Insurance Co.
v. Foley*, 105 U. S. 354.

EVANS, J.—This was an action in code form on a
relief fund certificate or life insurance policy, issued
in favor of appellee's intestate on the life of Alexander
Price Baker, on September 14, 1905, by appellant, a
secret benevolent society, a corporation. Upon the
trial of the case issue was joined upon five special
amended pleas of confession and avoidance filed by de-
fendant.

There are 27 assignments of error by appellant. The assignments from 1 to 20, both inclusive, are upon the ruling of the court upon the testimony. The twenty-second assignment of error is to the court's giving a certain written charge asked by plaintiff. The twenty-third and twenty-fourth assignments are to the court's refusal to give charges asked by defendant. The twenty-first and twenty-fifth assignments of error are to the definition given by the court, in its oral charge, of the word "occupation." The twenty-sixth assignment of error is to the ruling of the court in admitting in evidence certain receipts tending to show that defendants below, appellants here, had been duly notified of the death of said Alexander Price Baker. The twenty-seventh assignment of error was to the refusal of the court to give the general affirmative charge for defendant. As to whether there was error in the court's ruling upon the evidence depends first upon the issues raised by the five special pleadings. These pleas are set out in full in the statement of the reporter.

1. There was no error in the ruling of the court in sustaining plaintiff's objection to the following question propounded to the witness Mims R. Baker by defendant's counsel on cross-examination, upon the ground that it called for irrelevant and immaterial testimony, viz.: "Do you know whether Fisher shot another party at the time, or any other person?" The defendant did not state what he expected to prove in asking said question, so as to show its relevancy or materiality, and we are unable to see what answer could have been made that would have been relevant or material to any issue in this case.

2. The court properly ruled in overruling defendant's motion to exclude the policy of insurance upon the ground that the whole contract had not been offer-

ed in evidence, and as appellant does not mention this assignment in his brief we take it that he so understands it.

3. The court properly ruled in sustaining plaintiff's objection to the question propounded to witness George J. Santa Cruz to wit: "Do you know why Price Baker quit there?" as it is not clear that the answer called for would be relevant to any issue in the case, and defendant failed to state what answer he expected said question to elicit, and, furthermore, the transcript of the bill of exceptions shows that the question was answered as follows: "I cannot now recall whether Price Baker quit the railroad or whether he was discharged —my best recollection is that his services were unsatisfactory." The latter part of the answer was objected to by plaintiff, viz., "My best recollection is that his services were unsatisfactory," and the same was excluded from the jury, and properly so, as it had no bearing upon any issue in the case. The action of the court in excluding that part of the testimony is assigned as error in the fourth assignment.

4. The fifth assignment of error was the overruling of defendant's objection to the question propounded by plaintiff to the witness Dr. V. P. Gaines on cross-examination viz.: "What was his general appearance— that of a man in good health?" The plaintiff explained, after question was objected to, that he expected to show that the applicant gave no indication of being an habitual drunkard. The question was not answered by the witness, and was then asked as follows: "What was the general appearance of Baker?" (It was admitted that the witness was a medical expert.) "A. It was very good. Q. Was there, or not, any indication of the habitual use of alcoholic stimulants?" It is a well-known fact that the habitual use of alcoholic

stimulants will in many cases, if not in all cases, manifest itself in the appearance of a person—especially to an expert medical man; and as the witness was the doctor who examined the applicant we think the question was clearly proper. So, also, was the following question to the same witness on cross-examination, viz.: "Was there, or not, any indication of the habitual use of alcobolic or other stimulants?" and for the same reasons given above.

5. The eighth assignment of error is to the ruling of the court in sustaining plaintiff's objection to the question propounded by defendant to witness J. E. Zeigler, viz.: "Did you know or see him drunk just a short time before he was killed?" The transcript of the bill of exceptions shows that this question was answered in full, and the answer was not ruled out, and defendant got the full benefit of it. Defendant, therefore, received no injury from the ruling of the court.

6. The ninth assignment of error is to the court's ruling in sustaining plaintiff's objection to the following question propounded to the witness J. E. Zeigler by defendant, viz.: "Did you ever hear of his being a railroad clerk?" This clearly called for hearsay evidence, and the objection was properly sustained.

7. The tenth assignment is to the ruling of the court in excluding the following part of an answer of the witness J. E. Zeigler to a question propounded by defendant, viz.: "I know one thing: He was not a straight hand to gamble. What I mean is—" This answer was in reply to the question: "Do you know whether or not he was a professional gambler?" The answer was: "I can't say whether he was a professional gambler or not. I know one thing: He was not a straight hand to gamble. What I mean is—" It is evident that the part excluded was not responsive to the question, and

it was entirely irrelevant to any issue in the case whether Baker gambled straight or crooked.

8. The eleventh, twelfth, thirteenth, fourteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments of error are all to the same-effect. The defendant attempted to prove one vice or moral dereliction as a circumstance tending to show the existence of another not necessarily or vitally connected with it as cause or effect. This could not be done, and the court properly ruled thereon.—*McCutchen v. Loggins,* 109 Ala. 458 (6th headnote), 19 South. 810. As to the twelfth assignment, the question was leading, and was objected to on that ground. The objection was properly sustained.

9. The twenty-first and twenty-fifth assignments of error were to the definition of the term "occupation" in the court's oral charge to the jury. The definition, as restated to the jury after objection was first made, was taken word for word from the Standard Dictionary, and was correct.—*Mowry v. World Ins. Co.,* 7 Daly (N. Y.) 324; *Clemens v. Metropolitan Life Ins. Co. of New York,* 20 Pa. Super. Ct. 567. The defendant could not, therefore, complain of the definition.

10. The twenty-second assignment of error was to the court's giving written charge No. 1, requested by plaintiff. This charge substantially follows defendant's amended pleas 1, 2, and 5, the only pleas setting up a breach of warranty on account of the use by Alexander Price Baker of alcoholic stimulants, which was equivalent to saying that, in order for the jury to find a verdict for defendant on the ground that said Baker used alcoholic stimulants, they must believe the allegations of either the first, second, or fifth pleas to be substantially true. The court was without error in giving said charge.

[Supreme Lodge Knights and Ladies of Honor v. Baker.]

11. The twenty-third assignment of error was to the court's refusal to give written charge No. 2 asked by defendant. This charge should not have been given, because it is not as broad as the allegations of either defendant's pleas Nos. 1, 2, or 5.

12. The twenty-fourth assignment of error was to the court's refusal to give written charge No. 3, asked by defendant. This charge was liable to mislead the jury, if in fact it is not an actual misstatement of the law of the case. The jury would certainly have been warranted in drawing the conclusion that, unless the insured was actually at work as clerk in a railroad office at the time of making application, his warranty as to occupation was breached. Such is not the law.— *Mowry v. World Ins. Co.*, 7 Daly (N. Y.) 324; *Clemens v. Metropolitan Ins. Co. of New York*, 20 Pa. Super. Ct. 567. A man who has once had and followed an occupation continues to have it until he has abandoned it, either by quitting work in it without intention or ability to resume it, or by engaging in some other occupation not of a mere temporary character. As to whether this has been done is usually a question for the jury, and was a question for the jury in this case.

13. The twenty-sixth assignment of error was that "the court erred in admitting in evidence the two alleged receipts showing that proof of death was forwarded and received by defendant." The objection to the admission of these two paper writings was that they were irrelevant and immaterial. These grounds of objection were clearly not good, as an examination of the papers will at once show. The argument in the brief of counsel for appellant is that they should not have been admitted because that they were not proven to be genuine. There was no objection on this ground, and the court could not, therefore, consider it. The court

[Anthony v. Sturdivant, et al.]

did not err in overruling the objection upon the grounds stated. Besides, defendant's witness E. L. Cahall testified that proof of death of said Alexander Price Baker had been made, and those receipts purported to have been signed by him as secretary of appellant.

14. The twenty-seventh and last assignment of error was to the court's refusal to give the general affirmative charge requested by the defendant. The plaintiff, having proved, first, the existence of the policy sued on; second, the death of the insured; and, third, the giving of the notice and proof of death as required by the policy—made out a prima facie case.—25 Cyc. 925. The evidence being in conflict upon the issues raised by defendant's special pleas, the general affirmative charge for defendant should not have been given.

Affirmed.

.Dowdell, C. J., and Anderson and Sayre, JJ., concur.