(95 South. 201)

**DENHAM v. YANCEY et al. (8 Div. 947.)**

(Court of Appeals of Alabama. Oct. 31, 1922. Rehearing Denied Nov. 14, 1922.)

**1. Judgment ⟨key⟩278 — Record held to show joinder of issue.**

Where in the record is set out the plea, as an answer to the complaint, which shows that defendants plead with leave to offer in evidence any matter which would be a good defense if specially pleaded, and then follows the judgment entry which recites "Came the parties by their attorneys and also came a jury of good and lawful men," it imparts a joinder of issue on the plea, and that issue was joined on the plea is strengthened by the fact that the cause was tried by a jury which was demanded by defendants and not by plaintiff.

**2. Appeal and error ⟨key⟩934(1)—Judgment held to be for both "defendants."**

Where two persons were joined as defendants, and the verdict as embodied in the judgment entry found for defendant, and the judgment of the court was rendered in favor of defendants, the reasonable intendment is that defendant was unintentionally used for defendants, and does not require a reversal.

**3. Detinue ⟨key⟩24—Verdict "for the horse sued for in the complaint" held sufficient.**

It is not fatal to a verdict in detinue that it failed to particularly describe the horse sued for, where the verdict was for the horse sued for in the complaint, and the judgment followed with a description of the horse as sued for in the complaint, the description in the complaint being sufficient.

**4. Detinue ⟨key⟩24 — Not necessary to assess property which plaintiff recovers, when already in his possession.**

It is not necessary to assess the value of property which plaintiff recovers, when such

property is already in his possession at the time the cause is tried, under Code 1907, § 3781.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action in detinue by W. H. Denham against Henry Yancey and Mrs. H. M. Yancey. Judgment for defendants, and plaintiff appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte W. H. Denham, 208 Ala. 637, 95 South. 202.

White & Watts, of Huntsville, for appellant.

Where it does not appear that there was an issue presented to the jury, a judgment on their verdict will be reversed. Minor, 45; 2 Stew. 483; 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; 31 Cyc. 671; 21 R. C. L. 601; 13 How., 173, 14 L. Ed. 100. A judgment must conform to the verdict; otherwise, it would be the verdict of the court, and not of the jury. 193 Ala. 443, 69 South. 117; 72 Ala. 527; 69 Ala. 332; 11 How. 609, 13 L. Ed. 854; 15 R. C. L. 604. The verdict should have assessed the value of the animals separately, as required by Code 1907, § 3781. 193 Ala. 443, 69 South. 117; 159 Ala. 650, 48 South. 812.

Cooper & Cooper, of Huntsville, for appellees.

The fact that the verdict in this case was rendered for the defendant or defendants is immaterial. 3 Ala. 315; 71 Ala. 157. There was no injury to plaintiff by the verdict for defendant for one of the horses sued for, instead of both. 25 Ala. 317; 27 Ala. 562, 62 Am. Dec. 778; 27 Ala. 570; 90 Ala. 529, 8 South. 144; 128 Ala. 368, 30 South. 738. It is not necessary to assess the value of articles plaintiff recovers when the same are already in his possession. Code 1907, § 3781; 104 Ala. 412, 16 South. 1; 29 Ala. 174; 34 Ala. 188; 98 Ala. 657, 13 South. 690; 62 Ala. 336.

MERRITT, J. The appellant brought a suit in detinue to recover of the appellees "one sorrel G horse known as Eddie T, age 9 years, and one black H colt, son of Eddie T."

Upon the failure of the appellees to make bond and retain the possession of the property, the appellant executed bond and took possession of the property. On the trial in the circuit court, a jury rendered a verdict in favor of the defendant and against the plaintiff, for "the horse sued for in the complaint or its alternate value at $350, and the value of the detention at $600," and thereupon the court entered a judgment for the defendants against the plaintiff for the property sued for in the complaint, to wit: One

sorrel G horse known as Eddie T, age 9 years old, or its alternate value of $350, and for the further sum of $600, as damages for the detention of said horse. The appeal is from this judgment upon the record without a bill of exceptions.

[1] It is insisted in the first place that the judgment failing to show that issue was joined on any plea, that this court cannot supply the deficiency, and that on this account the judgment will not support the verdict. In the record is set out the defendants' plea, as an answer to the complaint, which shows that the defendants pleaded, in short by consent, with leave to give and offer in evidence any matter or thing which would be a good defense, if specially pleaded, and then follows the judgment entry, which recites "Came the parties by their attorneys and also came a jury of good and lawful men," etc. This language, taken with the only plea in the record, imparts to us a joinder of issue on this plea, as would seem to naturally follow in the ordinary trial of the cause. That issue was joined in this plea is strengthened by the fact that the cause was tried by a jury, the record not showing that plaintiff demanded a jury, and embodied in and as a part of the plea the defendants demanded a jury trial, which the judgment entry shows was had.

[2] The appellant next argues that the judgment in this cause should be reversed because the verdict of the jury, as embodied in the judgment entry, found for the defendant when the judgment of the court was rendered in favor of the defendants. We do not think that the case of St. Clair v. Caldwell and Riddle, 72 Ala. 527, cited in appellant's brief, is authority for this proposition. In that case a suit was brought by Caldwell and Riddle jointly, and the verdict of the jury and the judgment of the court was in favor of the plaintiff Riddle individually, instead of Caldwell and Riddle jointly. The right of recovery in this case depended upon the joint recovery of both Riddle and Caldwell, which presents a very different proposition from the case at bar. But, aside from this, this question has been expressly decided in the case of Porter v. Cotney & Cotney, 3 Ala. 315. The jury in that case rendered a verdict as follows: "We, the jury, find the issue in favor of the defendant," when there were two persons joined as defendants who pleaded the general issue. The court held that the reasonable intendment is that defendant was unintentionally used for defendants, and the verdict is decisive of the case. Chief Justice Collier says:

"We do not understand that the jury intended to find a verdict in favor of one defendant, leaving the case undisposed of as to the other. Had they intended to distinguish between them, and relieve one from liability while they charge the other, their verdict would doubtless have been expressed in other terms. The correct in-

terpretation of the verdict is, that the plaintiff is not entitled to recover; the plea interposed by both defendants being sustained. We must intend, under the circumstance of this case, that the verdict and judgment are unintentionally in the singular number; that defendant was used for defendants."

See, also, case of Steed v. Barnhill, 71 Ala. 157.

[3] Neither is it fatal to the verdict that it fails to particularly describe the property, the description in the complaint being sufficient. Wilson v. Barnes, 49 Ala. 134; Chappell v. Falkner, 11 Ala. App. 382, 66 South. 890; 18 C. J. 1017; West Va. Timber Co. v. Ferrell, 67 W. Va. 14, 67 S. E. 69. The verdict is for the horse sued for in the complaint, and the judgment follows with a description of the horse as sued for in the complaint, and this is sufficient.

[4] Section 3781 of the Code of 1907 only requires the assessment of the value of the specific property recovered by the judgment of the court. It has been consistently held by the courts in construing this section that it is not necessary to assess the value of the property which the plaintiff recovers, when such property is already in the possession of the plaintiff at the time the cause is tried. Barnhill v. Howard, 104 Ala. 412, 16 South. 1; Miller v. Jones, 29 Ala. 174; Dykes v. Clarke, 98 Ala. 657, 13 South. 690. It would have been a vain and useless thing to require in this case the assessment of the value of the colt, which was in the possession of the appellant, and which was not recovered by the appellee by the judgment in the cause.

There being no reversible error, the judgment appealed from must be affirmed.

Affirmed.