(99 South. 167)

**SOVEREIGN CAMP, W. O. W., v. CRAFT.**
(6 Div. 990.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

1. Insurance ⊗═825(2)—Whether insured was carpenter or in extrahazardous occupation held for jury.

In an action on a death certificate, whether insured was a carpenter as represented, and whether or not he was within the extrahazardous occupation, employment in mines, requiring an increased assessment, *held* for the jury.

2. Insurance ⊗═726½—Expression "employed in mines" held to refer to habitual or customary employment of insured.

The expression "employed in mines," in constitution of fraternal benefit association, requiring increased assessment, refers to habitual or customary employment of insured, and not to casual or incidental employment.

3. Trial ⊗═140(1)—Effect of contradiction in testimony.

The fact that there was some difference in statements of a witness on direct and cross examination did not warrant the giving of an affirmative instruction.

4. Insurance ⊗═819(1)—Existence of beneficiary certificate and possession prima facie evidence of membership, and other proof made out prima facie case of liability.

The existence of a beneficiary certificate sued on and in evidence and its possession by the plaintiff as the sole beneficiary is prima facie evidence that intestate, to whom it was issued, was a member of the order at the time of his death, and evidence of his occupation, death, and notice and proof of death required by the policy, made out a prima facie case of liability.

5. Insurance ⊗═819(1)—Proof of death prepared by officers of lodge prima facie evidence of truth.

Proof of death prepared by the officers of a benefit association lodge acting within the scope of their authority, and reciting that intestate was at the time of his death a member of the order, was prima facie evidence of the truth of that fact.

6. Appeal and error ⊗═496—Failure of record to disclose joinder of issue not ground for reversal.

That the record on appeal does not disclose the joinder of a formal issue between the parties is not ground for reversal.

7. Appeal and error ⊗═916(1)—Assumed proper issue joined.

Where judgment entry shows that there was a jury and verdict, and it does not appear from the record what the issue was, the Supreme Court "will intend," that it was an issue formed upon proper plea.

8. Trial ⊗═260(1)—Covered charges properly refused.

It was not error to refuse charges covered by given charges.

9. Trial ⊗═252(1)—Instructions must be predicated on evidence.

It was not error to refuse charges not predicated on the evidence.

10. Trial ⊗═191(1)—Requested charge assuming fact properly refused.

A requested charge assuming a controverted fact was properly refused.

11. Insurance ⊗═726½ — Hazardous and nonhazardous occupations.

The duties of a "foreman of a railroad yard" and those of a "foreman of an engine and switching crew" are different; the last may be classed as hazardous, and the former as nonhazardous.

On Rehearing.

12. Appeal and error ⊗═719(10)—Matters covered by motion for new trial not considered when not assigned as error.

Where assignments of error in the record do not present matters covered by the motion for new trial indicated in argument, such matters will not be considered.

13. Appeal and error ⊗═1040(7)—Rulings sustaining demurrers to pleas held without injury when evidence admitted under other pleas.

Where defenses presented by pleas to which demurrers were overruled and those to which demurrers were sustained were covered by the former class of pleas, and trial was had on such issues of fact and evidence offered on such defenses, any error in rulings rejecting pleas was without injury to defendant.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action on beneficiary certificate by Anne F. Craft against the Sovereign Camp of the

Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

C. H. Roquemore, of Montgomery, for appellant.

The false warranty in the application of deceased, with reference to his occupation, voided the policy. Triple-Link v. Williams, 121 Ala. 138, 26 South. 19, 77 Am. St. Rep. 34. Counsel argue other questions, but without citing authorities.

John T. Glover and Charles A. Calhoun, both of Birmingham, for appellee.

The issues in this case are the same as upon former appeal, and this case should be affirmed on the authority of the former decision. Sovereign Camp v. Craft, 208 Ala. 467, 94 South. 834.

THOMAS, J. The trial was had on count 2 as amended, plea of the general issue, and special pleas 4, 5, 7, 9, and 18.

The report of the first appeal is to be found in 208 Ala. 467, 94 South. 831; and the law of the case, or issues of fact now submitted, were there settled. These contested issues of pleadings and fact on both trials were the invalidation of the certificate (1) by reason of the representation of the assured (the intestate) that his occupation was that of carpenter, when in fact it was that of a "handy man" at a mine; and (2) by reason of the employment of said intestate in a mine and his failure to pay the increased assessment as required by section 43 of the constitution, etc., of the order. It was declared in former opinion that these issues were the only defenses presented, and the same were properly and fairly submitted under appropriate instructions.

When the case of City of Montgomery v. Moon, 208 Ala. 472, 94 South. 337, is considered with reference to appellant's brief before the court, it will not require a refusal, by this court, to consider the sustaining of demurrer to pleas 2, 3, 6, 8, 10 to 17, inclusive, 19 and 20. Liverpool & London & Globe Ins. Co. v. McCree (Ala. Sup.) 98 South. 880.[1] In the Moon Case, supra, the assignments of error were separate, and the argument was merely "assignments of error 12 to 25, inclusive, related to the written charges refused to the defendant city (R. P. 55–58), Appellant expressly insists upon each one of these assignments of error." This was a failure of argument—or was insufficient argument—as required in this court. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

[1] A careful consideration of the evidence convinces us that the court could not do otherwise than submit to the jury the decision of whether or not plaintiff's intestate was a carpenter and in the doing of such work was within his representation or warranty of his occupation made in his application for insurance, and whether or not he was within the extrahazardous occupation, employment in mines, made one of the subjects contained in section 43 of defendant's constitution and laws. The decisions of these controverted questions of fact were for the jury. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

[2] In former opinion this court correctly said that under the rules of construction of contracts of insurance, the expression, " 'employed in mines,' when strictly construed, as it must be, refers to the habitual or customary employment of insured, and not to casual or incidental employment, although the phrase liberally construed might have the latter meaning." Sovereign Camp, W. O. W., v. Craft, 208 Ala. 467, 470, 94 South. 831.

Giving to the testimony its ordinary and fair significance, it cannot be said that it was a part of the duty of plaintiff's intestate to go into, and that he was employed to do his work in, the mines underground, although he occasionally went into the mine upon request of one Lacy, and that this going (from time to time) into the mine to do work was so frequent, without more, as to invalidate the certificate sued on by reason of the provisions of section 43 of the constitution and laws of defendant. Such were not reasonable inferences the jury might draw.

[3] The fact that there was some difference in statement of a witness on direct and cross examination as to the nature of the contract of the employment of plaintiff's intestate, the duties he was required to perform under that employment, and the places of his performance of them, did not warrant the giving of affirmative instruction. Jones v. Bell, 201 Ala. 336, 77 South. 998. On former appeal a definition was given of the expression "handy man," and under that definition and this evidence it could not be said, as matter of law, that plaintiff's intestate was a "man of all work" within that approved definition. Sovereign Camp, W. O. W., v. Craft, 208 Ala. 467, 471, 94 South. 831.

[4, 5] The existence of the beneficiary certificate sued on and in evidence, and its possession by the plaintiff as the sole beneficiary, is prima facie evidence that intestate, to whom it was issued, was a member of the order at the time of his death; and the evidence of his occupation, death, and notice and proof of death required by the policy made out a prima facie case of liability. Supreme Lodge Knights & Ladies of Honor v. Baker, 163 Ala. 518, 530, 50 South. 958; Woodmen of the World v. Alford, 206 Ala. 18, 89 South. 528; Sovereign Camp, W. O. W., v. Craft, 208 Ala. 467, 94 South. 831; Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 212, 85 South. 762; Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 South. 737; Sovereign Camp, W. O. W., v. Bass, 207 Ala. 558, 560, 93 South. 537; 25 Cyc. 925. So, also the proof of death prepared by the officers of defendant's lodge, acting with-

[1] Ante, p. 559.

in the scope of their authority, and reciting that intestate was at the time of his death a member of defendant's order, was prima facie evidence of the truth of that fact, as recited therein. Thus did plaintiff cast the burden of going forward with the evidence as to such issues of fact upon the defendant. Sovereign Camp, W. O. W., v. Craft, supra.

We have examined each exception reserved on the introduction of evidence, and find no reversible error. No good purpose would be subserved by prolonged discussion of the same.

[6] The suggestion in appellant's argument that there was no "joinder of issue between the parties" shown by the record will not be sufficient to reverse, since it has been held that when the record on appeal does not disclose the joinder of a formal issue between the parties it is not ground for a reversal. Craddock v. Walden, 184 Ala. 58, 63 South. 534; Denham v. Yancey (Ala. App.) 95 South. 201,[2] application for certiorari denied in Ex parte Denham, 208 Ala. 637, 95 South. 202.

[7] The judgment entry shows that there was a jury and verdict, and if it did not appear from the record what the issue was, this court "will intend" that it was an issue formed upon the proper plea. Smith v. Branch Bank of Mobile, 5 Ala. 26.

[8-10] Refused charge 5 is covered in given charges 8, 9, and 15; refused charges 10, 11, and 13 are covered by given charge 15. Aside from the fact that some of these refused charges are covered by other instructions, the refusal may be justified by the further fact that they are not predicated on the evidence; such was the case with charges 13 and 14. Refused charge 12 assumes, as an established fact, that plaintiff's intestate was a "handy man"; it was not necessary that assured pay the hazardous rate referred to in the charge, unless he had changed his occupation from carpenter to "handy man." The charge is not predicated on this assumption. Woodmen of the World v. Alford, 206 Ala. 18, 24, 89 South. 528.

[11] The duties of a "foreman of a railroad yard" and those of a "foreman of an engine and switching crew" are different; the last occupation may be classed as hazardous, and the former as nonhazardous. Such was the effect of the holding in Triple Link Mut. Ind. Ass'n v. Williams, 121 Ala. 138, 144, 145, 26 South. 19, 77 Am. St. Rep. 34.

The questions of merit now presented were settled on former appeal, and we have no intention of departing from announcements contained in the former opinion.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. [12] Assignments of error in the record are from 1 to 30, inclusive, and do not present matters covered by the motion for new trial indicated in argument. Moreover, under the rule prevailing in this state (Cobb v. Malone & Collins, 92 Ala. 630, 9 South. 738), we think no error was committed in overruling the motion for new trial, on the grounds indicated.

[13] We did not say in the original opinion that counsel was waiving his insistences as to rulings on pleas by condensing his argument relating thereto. We were merely indicating that under City of Montgomery v. Moon, 208 Ala. 472, 94 South. 337, there may be a "failure of argument" for reasons stated. However, the several defenses presented by said pleas to which demurrers were overruled, and those to which demurrers were sustained were considered and thought to be covered by the former class of pleas; the trial was had on such issues of fact and the evidence offered on such respective defenses. If there was error in rulings rejecting such pleas, it was without injury to defendant. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929. We have again considered the case, and think it has been tried without reversible error.

The application for rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.