230 So.2d 532

**KEY LIFE INSURANCE COMPANY of South Carolina, a Corporation,**

v.

**Leola BACK, as Administratrix of the Estate of George Clarence Back, Deceased.**

1 Div. 1.

Court of Civil Appeals of Alabama.

Jan. 12, 1970.

Grady W. Hurst, Jr., Chatom, for appellant.

Edward P. Turner, Jr., Chatom, for appellee.

BRADLEY, Judge.

This is an action by the administratrix of the deceased's estate on a policy of insurance which indemnified the deceased for accidents occurring during the time he was engaged in his occupation of pulpwooding. From a verdict and judgment of $3,000.00 in favor of the plaintiff, the defendant appeals.

The deceased and his brother-in-law not only were employed by, but lived with, the deceased's father-in-law.

The deceased's father-in-law was engaged in the business of pulpwooding and paid his two employees—the deceased and his brother-in-law—on the basis of $1.75 per cord of pulpwood cut and loaded on the truck.

It was the practice for the employer to furnish transportation to and from the woods to his employees either on his truck or by furnishing the gasoline to be used in his son's automobile.

On the day before the day of the accident in question, the employer and his two employees had arrived at the wood yard with a load of pulpwood about five minutes after closing time and the person in charge at the wood yard would not unload the truck. They then went on home.

The next morning—the day of the accident—the employer told his two employees to take his son's car and go to the woods where they were cutting pulpwood, and he would take the truck to the wood yard, unload it and meet them in the woods soon thereafter.

He told his son to stop by Johnson's Service Station in McIntosh, Alabama, on the way to the woods, and put $2.00 worth of gas in the car and charge it to him; also get some gas and oil, and a file for use on the chain saws. He also spelled out the route they were to take in going to the pulpwooding site.

After the two employees had stopped at the service station and obtained the gasoline, oil and chain saw file, they proceeded on to the area where they had been cutting pulpwood. On the way from the service station to the woods, they were involved in a collision with a truck that cost them their lives.

Proper notice was given to the appellant regarding the deaths of the two employees by the employer.

The appellant then informed the employer and the deceased's administratrix that it did not consider the employees to have been engaged in the duties of their employment at the time of their deaths, as required by the provisions of the insurance policy under which they were covered, and refused to pay the amount of death benefits called for in the policy.

Thereupon, administratrix filed this action to compel the appellant to pay the full amount of the death benefits authorized by the insurance policy.

■ Appellant filed seven (7) assignments of error, four of which were argued in brief.

The remaining three (3) assignments of error not having been argued in brief are considered waived. Supreme Court Rule 9; Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402.

This court, in analyzing the case before it, finds but one question to be answered, and that is whether or not the deceased was actually engaged in his "occupation" of pulpwooding at the time of his death?

■ The Supreme Court of Alabama in the case of Sovereign Camp, W. O. W. v. Craft, 208 Ala. 467, 94 So. 831, defined "occupation" as one's regular business or employment, or whatever he follows as a means of making a livelihood.

In the case of Merchants Mutual Casualty Co. v. Capobianco, 100 N.H. 223, 123 A.2d 159, the New Hampshire Supreme Court said:

"The duties of an occupation are not ordinarily thought of as being limited to the performance of those acts regularly and usually required by the work but are generally understood to include those additional acts the need for the performance of which arises only infrequently but which are none the less a part of the occupation. Acts which are essential to the proper and full performance of the duty owed to the employer are a part of the occupation whether the need for

their performance arises regularly or only occasionally."

The following is also found in Couch on Insurance 2d, Section 41, page 324:

"The term 'occupation' includes various incidental or minor acts which are related to or are necessarily a part of the insured's occupation. * * *"

■ Granted, the deceased employee was not actually cutting or loading pulpwood at the time of his death, but, as this court sees it, he was engaged in an act for his employer that was as necessary to his employment as cutting and loading the pulpwood on the truck, i. e., getting the gas and oil to go in the chain saws used in cutting the pulpwood and in getting the file to sharpen the saw blades. Otherwise, the employees would not have been able to cut the pulpwood for their employer.

Furthermore, the evidence revealed that the employer provided transportation to the place where the pulpwood was being cut either on his truck or by paying for the gasoline that went into his son's automobile when it was used to transport them to the woods.

Also, on this particular occasion the employer directed the employees to take a particular route from the service station to the woods where they were to cut pulpwood.

Taken all together, the testimony clearly shows that the deceased was about his employer's business at the time of his death.

Therefore, based on the evidence submitted to the trial court, this court concludes that the deceased was "actually engaged in the duties of his employment" at the time he was killed, as provided by the terms of the policy of insurance made the subject of this action, and consequently, this case is due to be, and is, affirmed.

Affirmed.